In re:

PALMER, BARBARA F.,

Case No. 12-33124
Chapter 7
Hon. Daniel S. Opperman

**Debtor.**

_____/

## TRUSTEE'S OBJECTION TO AMENDED EXEMPTIONS

The Chapter 7 Trustee, by and through her counsel, Collene K. Corcoran, hereby files her objection to the debtor's amended exemptions filed on October 30, 2017 for the undisclosed personal injury claim from a medical procedure because the debtor did not disclose nor exempt the potential claim until after the case was originally closed on November 1, 2012. A debtor can only amend her schedules as a matter of course and without court approval before the case is closed pursuant to Bankruptcy Rule of Federal Procedure 1009(a). After the case is closed, the debtor must file a motion to request permission to amend her schedules under Rule 9006(b)(1), which the debtor did not do in this case. On January 20, 2017, the Trustee filed a Motion to Re-open the case after she learned that the Debtor has a claim relating to a pre-petition injury. An Order Granting the Trustee's Motion to reopen the case was entered on January 20, 2017. The Debtor amended her Schedule C on October 30, 2017, approximately 5 years after her case was filed. No potential claim was listed on the Debtor's initial schedules, and when the Debtor testified at the §341 hearing under oath whether she had any claim against anyone or could they sue anyone for any reason, she answered "No." The debtor also testified under oath that her schedules were true and accurate, even though she signed a retainer agreement with counsel for pursuing the claim on her behalf on May 7, 2012, two months before she filed bankruptcy.

No amendments to the Debtor's schedules were ever filed when the case was open, and because the personal injury claim was not listed, the Trustee closed this case on August 30, 2012, and the Court issued a final decree on November 1, 2012. Unbeknownst to the Trustee, the debtor signed a retainer agreement with the attorney to pursue the personal injury claim on May 7, 2012. In support of this objection, the Trustee states as follows:

1. The Debtor filed a Chapter 7 bankruptcy petition on July 30, 2012.

2. Collene K. Corcoran was appointed the Chapter 7 Trustee.

3. On the Debtor's Schedule B, the debtor listed no personal injury claims or class action lawsuits resulting from any medical claims.

4. The first meeting of creditors was held on August 27, 2012; the debtor testified that all of the information on her schedules was true and accurate.

5. The Debtor testified under oath at their §341 hearing that not only were her schedules true and accurate, but also she affirmatively stated that she could not sue anyone for any reason, and no one owed her any money.

6. The Debtor received her discharge of debts on October 29, 2012.

7. On November 1, 2012, the Court entered the final decree, and the Court closed the bankruptcy case.

8. On May 7, 2012, two months prior to the filing of the bankruptcy case, the Debtor signed a retainer agreement to hire legal counsel to pursue a personal injury lawsuit as a result of a medical issue for her. However, she did not disclose this claim on her bankruptcy schedules, nor to the Chapter 7 Trustee.

9. The Debtor chose not to disclose this potential claim on Schedule B, when her bankruptcy case was filed, even though the schedules are signed under penalty of perjury. She did not disclose this asset for five years after she filed this case.

10. When the Trustee learned of the lawsuit, the Trustee filed an Ex Parte Motion to Reopen this Case on January 20, 2017. The Court entered the Order granting the Trustee's Motion to Reopen Case on January 20, 2017.

11. On October 30, 2017, the Debtor filed the amended Schedule B and C, disclosing the settlement from a personal injury claim in the amount of $36,775, and exempting the all of the funds as follows:

   a) Exemptions taken pursuant to 11 U.S.C. §522(d)(11)(D) in the amount of $23,675;
   b) Exemptions taken pursuant to 11 U.S.C. §522(d)(5) in the amount of $13,100.

12. The Debtor's Amended Schedule C should be denied because the Debtor omitted the asset on her schedules, even though she knew she had hired an attorney to represent her pre-peition.

13. In addition, the Debtor's amended exemptions should be denied because they were not filed prior to the closing of the case, and in violation of Bankruptcy Rule 1009 and Bankruptcy Rule 4003.

14. This omission by the debtor goes beyond mere inadvertence or negligence; the debtor hired legal counsel on May 7, 2012, two months prior to the filing of the bankruptcy case.

15. The Trustee also objects to the amended Schedule C because the Debtor has exceeded the allowed exemption amounts which were available when the case was filed in 2012.

16. Section 521(1) of the Bankruptcy Code requires the debtor to file a schedule of assets and liabilities. The Sixth Circuit has also stated that "[a] debtor has an affirmative duty to disclose all of his assets to the bankruptcy court." *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002), cited by *In re Cohen*, 288 B.R. 477 (Bankr. E.D. Mich. 2003).

17. It is the debtor's obligation and responsibility to accurately disclose her assets, as no other person could know everything that the debtor owns. Otherwise, the bankruptcy process just cannot function properly or efficiently if creditors, the Trustee and the Court are expected to independently investigate each debtor's circumstances. "The debtor is imposed with a paramount duty to carefully consider all questions included in the Schedules and Statement and see that each is answered accurately and

completely." *Casey v. Kasal* (*In re Kasal*), 217 B.R. 727, 734 (Bankr. E.D. Pa. 1998), *aff'd* 223 B.R. 879 (E.D. Pa. 1998). In this case, the Debtor retained legal counsel to assist her in the preparation and filing of this bankruptcy case.

18. While Fed. R. Bankr. P. 1009(a) provides that a debtor may amend a voluntary petition as a matter of course any time before the case is closed, that does not give the debtor permission to omit an asset. See also Bankruptcy Rule 4003 (that exemption is fraudulently claimed). The Sixth Circuit has placed a limit on the amendments, namely that if the court finds bad faith or when property has been concealed, the court can disallow the amendments. *Lucius v. McLemore*, 741 F.2d 125, 126 (6th Cir. 1984). See also Bankruptcy Rule 4003.

19. In this case, the Debtor acted in bad faith and concealed an asset from the Trustee and her creditors. The amendments were not filed before the case was closed the first time, as the Court closed the case on November 1, 2012. Therefore, the amended exemptions should be denied.

20. Additionally, the Debtor's amendments should be denied pursuant to Bankruptcy Rule 4003(b)(2).

WHEREFORE, for the reasons stated herein, the Trustee requests that all of the exemptions for this asset be denied.

Respectfully submitted,

/s/ Collene K. Corcoran
Collene K. Corcoran (P41500)
Attorney for Chapter 7 Trustee
PO Box 535
Oxford, MI 48371
(248) 969-9300
trusteecorcoran@gmail.com

Date: November 1, 2017

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

**In re:**

**PALMER, BARBARA F.,**
            **Case No. 12-33124**
            **Chapter 7**
            **Hon. Daniel S. Opperman**

       **Debtor.**
_____/

**ORDER SUSTAINING TRUSTEE'S OBJECTION TO AMENDED EXEMPTIONS**

This matter having come before the Court on the Trustee's Objection to Amended Exemptions, and the Court having set the matter for hearing,

IT IS HEREBY ORDERED that the Trustee's Objection to Amended Exemptions is sustained.

IT IS FURTHER ORDERED that all of the exemptions taken by the debtor for the asset entitled "Potential Bladder Mesh Class Action Lawsuit Settlement" are denied.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

**In re:**

**PALMER, BARBARA F.,**

**Case No. 12-33124**
**Chapter 7**
**Hon. Daniel S. Opperman**

**Debtor.**
_____/

**Debtors' address: 3033 Bardin Road, Apt 816, Grand Prairie, TX 75052**
**Last 4 digits of SSN xxx5330**

## NOTICE OF TIME TO RESPOND TO TRUSTEE'S OBJECTION TO AMENDED EXEMPTIONS

Chapter 7 Trustee, Collene K. Corcoran, has filed papers with court to object to amended exemptions of Debtor for the proposed settlement of the potential bladder mesh class action lawsuit settlement. The Debtor failed to list the claim on her initial schedules, or before the case was closed by the Court. The Debtor's amendments are not permitted by Bankruptcy Rule 1009, Bankruptcy Rule 4003(b)(2), were not filed in good faith, and should be denied in full. The Debtor knew she had a claim as she signed a retainer agreement two months before she filed her bankruptcy case. Additionally, the debtor has exceeded the statutory limits that were available under 11 U.S.C. §522(d)(5) and §522(d)(11)(D) when this case was originally filed in 2012.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not want the court to sustain the Trustee's Objections to Amended Exemptions or if you want the Court to consider your views on the motion, **within 14 days,** you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
**226 W. Second Street**
**Flint, MI 48502**

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

**Collene K. Corcoran, Trustee**
**PO Box 535**
**Oxford, MI 48371**

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Respectfully submitted,

/s/ Collene K. Corcoran
Collene K. Corcoran (P41500)
Attorney for Chapter 7 Trustee
PO Box 535
Oxford, MI 48371
(248) 969-9300
trusteecorcoran@gmail.com

Dated: November 1, 2017

_____

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In re:

PALMER, BARBARA F.,

Case No. 12-33124
Chapter 7
Hon. Daniel S. Opperman

**Debtor.**
_____/

**BRIEF IN SUPPORT OF
TRUSTEE'S OBJECTION TO AMENDED EXEMPTIONS**

The Chapter 7 Trustee, Collene K. Corcoran, hereby files her objection to the amended exemptions taken by the Debtor for the personal injury claim/class action lawsuit not listed on the original petition and schedules. The amendments are not allowed pursuant to Fed. R. Bankr. P. 1009(a), which states: "[a] voluntary petition, list, schedule or statement may be amended by the debtor as a matter of course any time before the case is closed." This case was closed by the Court on November 1, 2012 and the Debtor did not file her Amended Schedule C until October 30, 2017. The Debtor did not request the Court's permission prior to filing the amended schedules, and therefore, the amendments are not timely and should be disallowed.

In addition, a debtor may have an amendment disallowed if she acts in bad faith or where property has been concealed. *Lucius v. McLemore*, 741 F.2d 125, 127 (6th Cir. 1984). See also Bankruptcy Rule 4003(b)(2). The personal injury claim from an injury that arose pre-petition is property of the estate pursuant to 11 U.S.C. §541, and it is required to be listed on the debtor's schedules at the time the case is filed, not six years later. The Debtor knew she had a potential claim as she signed the retainer agreement with her counsel ten days prior to filing this bankruptcy case. At no time while this case was open did the debtor amend the schedules to include this claim.

In this case, as in others, the debtor's lack of good faith is determined by an examination of the totality of the circumstances. *In re Colvin*, 288 B.R. 477 (Bankr. E.D. Mich. 2003), citing *Kaelin v. Bassett (In re Kaelin)*, 308 F.3rd 885 (8th Cir. 2002). A number of cases since the *Lucius* case was decided are in

agreement that the debtor has an obligation to provide full disclosure on the schedules, and that duty is "crucial to the bankruptcy process." *In re Hyde*, 222 B.R. 214, 218 (Bankr. S.D. N.Y. 1998), *rev'd on other grounds,* 235 B.R. 539 (S.D. N.Y.1999); *In re Famisaran*, 224 B.R. 886, 891 (Bankr. N.D. Ill. 1998)("debtors have a duty to truthfully answer questions presented in the various schedules and filings carefully, completely, and accurately,"); *Rion v. Spivey* (*In re Springer*), 127 B.R. 702,707 (Bankr. M.D. Fla. 1991) ("the burden is on the debtors to complete their schedules accurately"). "To a substantial extent, the trustee's ability to perform the duties set forth in 11 U.S.C. §704 depends on the accuracy and completeness of the debtor's disclosures," *In re Colvin*, 288 B.R. 477 (Bankr. E.D. Mich. 2003). The Trustee agrees with this opinion, since the Trustee has to rely on the debtor's schedules, even when, as here, the schedules are unreliable.

> Bankruptcy Rule 4003(b)(2) provides in part as follows:
> "The trustee may file an objection to a claim of exemption at any time prior to one year after the closing of the case if the debtor fraudulently asserted the claim of exemption."

Section 521(1) of the Bankruptcy Code requires the debtor to file a schedule of assets and liabilities. The Sixth Circuit has also stated that "[a] debtor has an affirmative duty to disclose all of his assets to the bankruptcy court." *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002), cited by *In re Cohen*, 288 B.R. 477 (Bankr. E.D. Mich. 2003). It is the debtor's obligation and responsibility to accurately disclose his assets, as no other person could know everything that the debtor owns. Otherwise, the bankruptcy process just cannot function properly or efficiently if creditors, the Trustee and the Court are expected to independently investigate each debtor's circumstances. "The debtor is imposed with a paramount duty to carefully consider all questions included in the Schedules and Statement and see that each is answered accurately and completely." *Casey v. Kasal* (*In re Kasal*), 217 B.R. 727, 734 (Bankr. E.D. Pa. 1998), *aff'd* 223 B.R. 879 (E.D. Pa. 1998). In this case, the Debtor retained legal counsel to assist her in the preparation and filing of this bankruptcy case. While Fed. R. Bankr. P. 1009(a) provides that a debtor may amend a voluntary petition as a matter of course any time before the case is closed, that does not give the debtor permission to omit an asset. See also

Bankruptcy Rule 4003. The Sixth Circuit has placed a limit on the amendments, namely that if the court finds bad faith or when property has been concealed, the court can disallow the amendments. *Lucius v. McLemore*, 741 F.2d 125, 126 (6th Cir. 1984).

**A. Impact of *Law v. Siegel***

Prior to the decision of *Law v. Siegel*, 134 S. Ct. 1188 (2014), the Sixth Circuit had placed a limit on the debtor's amendments, namely that if the court finds bad faith or when property has been concealed, the court can disallow the debtor's amendments. *Lucius v. McLemore*, 741 F.2d 125, 126 (6th Cir. 1984). The Trustee argues that the *Law v. Siegel* decision does not prevent the Court from denying the debtor's exemptions following the *Lucius* decision. In this case, the Debtor acted in bad faith and concealed an asset from the Trustee and her creditors. The Trustee relies on Judge Shapero's decision in *In re Woolner*, U.S. Bankruptcy Court, Eastern District of Michigan, case no. 13-57269, decided on December 15, 2014. In *Woolner*, Judge Shapero determined that the debtor's amended exemptions should be denied because of bad faith by intentionally undervaluing the asset. Judge Shapero ruled that the recent decision of *Law v. Siegel* did not prevent the bankruptcy court from disallowing an exemption based on the trustee's objection to the exemption for bad faith; it merely prevents an already allowed exemption from being surcharged.

> [T]he Court concluding that *Law v. Siegel* is not dispositive of the present situation or fully supportive of the Debtors' arguments because, in that case, the validity of the debtor's claim of exemption was not directly contested or challenged, rather, the issue was whether the bankruptcy court had authority to "surcharge" an already allowed exemption because of the debtor's bad acts. *Id.* at 1196; this Court concluding that, notwithstanding *Law v. Siegel*, it has authority to disallow an amendment to a claim of exemption due to bad faith. *In re Rice*, 478 B.R. 275, 279 (E.D. Mich. 2012)(citing *Lucius v. McLemore*,
> 741 F.2d. 125, 127 (6th Cir. 1984)); Fed.R.Bank.P. 1009(a); Fed.R.Bankr.P. 4003.

*Woolner*, at p. 2.

The *Woolner* court determined that the an exemption can still be disallowed for bad faith by looking at the same factors cited in the *Lucius* case, notwithstanding the U.S. Supreme Court decision of *Law v. Siegel*. Here, the Trustee timely objected to the Debtor's amended exemptions, and this is the factual difference between the facts in *Law v. Siegel* and this case. "Denying an exemption under these circumstances not only punishes a debtor's misconduct, it deters other debtors from engaging in similar misconduct in the future," *In*

*re Opra*, 365 B.R. 728, 746 (Bankr. E.D. Mich. 2007). Therefore, the Trustee concludes that the Sixth Circuit case law concerning bad faith survives the *Law v. Siegel* decision, and is not contrary to the Supreme Court's ruling. The Trustee has timely objected to the Debtor's Amended Exemptions in this case, as this objection was filed within 30 days of filing of the amended Schedule C.

    **B. Impact of *Ellmann v. Baker* (*In re Baker*)**

On July 2, 2015, the Sixth Circuit Court of Appeals decided the case of *Ellmann v. Baker* (*In re Baker*), 2015 WL 4033098 (6th Cir. July 2, 2015). In that case, the Court disagreed with the *Woolner* decision, and held that the *Law v. Siegel* decision dictates that "bankruptcy courts do not have authority to use their equitable powers to disallow exemptions or amendments to exemptions due to bad faith or misconduct." Obviously, this Trustee disagrees with the Court's interpretation of the *Law v. Siegel* decision. Nevertheless, this Trustee argues the decision in *Baker* should not be applied retroactively, as the *Baker* decision was not in effect at the time this case was filed in 2012. The United States Supreme Court has determined the standards of retroactive analysis in the case of *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-107 (1971), and the factors can be summarized as follows:

1. The decision to applied non-retroactively must establish a new principle of law, either by overruling clear past precedent or by deciding an issue of first impression;

2. The court must look to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation;

3. The court should look to the inequity imposed by retroactive application.

Because the *Baker* court overrules prior law in this district set forth in *Lucius,* and subsequent cases, and does establish a new principle of law by overruling past precedent in this district concerning debtor's bad faith and the disallowance of amended exemptions, the decision should not be applied retroactively. At the time the case was filed, the law applied in the Sixth Circuit provided that a debtor can be denied her amended exemptions if the court determined that the debtor lacked good faith, and reviewed a number of factors on a

case by case basis to make that decision. The *Baker* court seems to eliminate that issue altogether, based on an erroneous interpretation of the Supreme Court's decision in *Law v. Siegel*. Because the *Baker* decision establishes new law, the decision should not be applied to cases retroactively. Moreover, concerning the third factor, it would be inequitable for the *Baker* decision to be applied retroactively, as the creditors in this case would be severely prejudiced. Instead of receiving a significant portion of their claim paid, they would receive less funds if the exemptions were allowed, and the debtor, by hiding this asset, would receive the benefit from her actions. Therefore, for these reasons, the Trustee argues that the *Baker* decision should not be applied retroactively to this case.

Additionally, if this Court determines that the *Baker* case can be applied retroactively, the *Baker* court also held that Rule 1009(a) does prevent the debtor from amending the schedules "as a matter of course" after the case was closed, and any amendment may be subject to the disallowance by the bankruptcy court. The *Baker* court did not fully address the issue of the debtors' non-compliance with Rule 1009(a), but appeared to leave that issue open for the courts as the trustee in *Baker* did not timely object to the exemptions based on Rule 1009(a).

### C. Bankruptcy Rule 1009

Unlike in *Ellmann v. Baker,* the Trustee argues that Court should disallow the Debtor's amended exemptions because the amendments were not filed timely before the case was closed the first time, as the Court closed the case on November 1, 2012. The amendments in this case should not be allowed pursuant to Fed. R. Bankr. P. 1009(a) because "[a] voluntary petition, list, schedule or statement may be amended by the debtor as a matter of course any time before the case is closed." This case was closed by the Court on November 1, 2012, and the Debtor did not file her Amended Schedule C until October 30, 2017, five years after the case was closed. The Bankruptcy Rules make no provision for the allowance of amended schedules after the case was closed. Therefore, pursuant to Bankruptcy Rule 1009, the amendments are not timely and should be disallowed based on the Bankruptcy Rule, because the Debtor filed the amended schedules too late.

The Trustee would also argue that the *Baker* case did not rule on the issues presented by Bankruptcy Rule 1009, because the trustee in that case did not initially file his objection to the amended schedules citing Bankruptcy Rule 1009. However, in this case, the Trustee *does object t*o the exemptions based on that Rule. The *Baker* case suggests that the outcome might be different had the trustee in that case utilized Rule 1009, but since the trustee did not, the court concluded that he waived his timeliness objection to the amendments. "But as the district court cogently explained, such an objection is analytically distinct from the bad-faith objection that previously could have been brought under *Lucius*." *Baker* , at p. 8. Thus, despite the decision of *Ellmann v. Baker*, this Trustee asserts that the amendments can and should be denied under Rule 1009.

WHEREFORE, for all of the reasons stated herein, the Chapter 7 Trustee respectfully requests that this Court deny all of the exemptions for the undisclosed potential settlement for personal injuries/class action case on behalf of the Debtor.

Respectfully submitted,

/s/ Collene K. Corcoran
Collene K. Corcoran (P41500)
Attorney for Trustee
PO Box 535
Oxford, MI 48371
(248) 969-9300
trusteecorcoran@gmail.com

Dated: November 1, 2017

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

**In re:**

**PALMER, BARBARA F.,**
            Case No. 12-33124
            Chapter 7
            Hon. Daniel S. Opperman

    Debtor.
_____/

**PROOF OF SERVICE**

  I certify that on November 1, 2017, I electronically filed the *Trustee's Objection to Amended Exemptions, proposed Order, Notice of Time to Respond, Brief in Support and Proof of Service* with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Office of the U.S. Trustee
Paul.J.Randel@usdoj.gov

Linda Rawls
lrawls@lsem-mi.org

and I hereby certify that on November 1, 2017, I served a copy of the *Trustee's Objection to Amended Exemptions, proposed Order, Notice of Time to Respond, Brief in Support, and Proof of Service* on the following parties, via first class US mail, postage prepaid:

Barbara F. Palmer
3033 Bardin Road
Apt 816
Grand Prairie, TX 75052

            Respectfully submitted,

            /s/ Collene K. Corcoran
            Collene K. Corcoran (P41500)
            Attorney for Trustee
            PO Box 535
            Oxford, MI 48371
            (248) 969-9300
            trusteecorcoran@gmail.com