UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION- FLINT

In re: Barbara F. Palmer                      Case No. 12-33124

       Debtor                                   Chapter 7

                                              Judge Daniel S. Opperman

**DEBTOR'S BRIEF IN RESPONSE TO TRUSTEE'S OBJECTION
TO AMENDED EXEMPTIONS**

**FACTS**

Ms. Barbara Palmer filed a chapter 7 bankruptcy on July 30, 2012. At the time of filing, Ms. Palmer was 74 years old with health issues. She had been struggling with memory issues as early as 2009, but was finally diagnosed with dementia in 2016. In 2013, Ms. Palmer suffered from a transient ischemic attack where she experienced memory loss. Not only was age and health issues a problem for Ms. Palmer, but she also had limited intellectual abilities. Ms. Palmer did not complete high school and only has an 11th grade education. Ms. Palmer has a difficult time comprehending and processing complex concepts and information.

On May 7, 2012, Ms. Palmer signed a retainer agreement with Sommers Swartz, P.C. to handle her personal injury case. At the time of filing, Ms. Palmer did not list a personal injury claim on her schedules nor did she disclose a personal injury claim while under oath in the 341 hearing held on August 27, 2012. Ms. Palmer did not disclose the personal injury claim because she had no memory of this claim. Not only did Ms. Palmer not remember that she had a personal injury claim, but she also had no awareness or understanding of the duty to disclose the personal injury claim.

1

Attorneys at Sommers Swartz, P.C. investigated her case, determined that Ms. Palmer had a cause of action, and filed a Complaint on September 26, 2012. The Complaint was amended on July 9, 2013. At the time of filing the Complaint, attorneys from Sommers Swartz, P.C. had no knowledge of the bankruptcy filing on July 30, 2012. Ms. Palmer also did not disclose the bankruptcy case to her personal injury attorneys.

Ms. Palmer received a discharge on October 29, 2012. She believed her case was over and moved to Texas in 2015.

On January 20, 2017, Trustee Collene Corcoran filed an Ex Parte Motion to Reopen Chapter 7 Case. The Court granted the Motion on January 20, 2017. The U.S. Trustee's Office appointed Trustee Corcoran as the trustee on January 24, 2017. And Trustee Corcoran filed a Notice to Withdrawal of Chapter 7 Trustee's No Distribution Report, Trustee's Interim Report, and Trustee's Report of Undisclosed Assets on January 26, 2017.

Attorney LaToya Larkin represented Ms. Palmer in the chapter 7 bankruptcy case in 2012, but was terminated by the Court on June 1, 2017. Attorney Larkin left Legal Services of Eastern Michigan in 2014. In April 2017, the U.S. Bankruptcy Court Eastern District of Michigan contacted Legal Services of Eastern Michigan inquiring if Attorney Larkin was still attorney of record on Barbara Palmer's bankruptcy case. Staff at Legal Services of Eastern Michigan informed the Court that Attorney Linda Rawls was handling all the bankruptcy cases.

In April 2017, Attorney Linda Rawls made several attempts to contact Barbara Palmer. Attorney Linda Rawls sent a letter to the last known address and she called the last known telephone number. Attorney Linda Rawls also made attempts to contact Attorney LaToya Larkin. Ms. Palmer's daughter, Yolanda Palmer, contacted Legal Services on October 9, 2017. Attorney Linda Rawls contacted Attorney Larkin and Attorney A. Rita Kostopoulos on October 26, 2017.

Ms. Palmer amended her schedules on October 31, 2017, used the federal exemptions, and claimed the personal injury exemption.

## ARGUMENT AND LEGAL ANALYSIS

I. **Ms. Palmer's amended schedules are not untimely if this Court allows Ms. Palmer to amend her schedules as a matter of course.**

Federal Rule Bankruptcy Procedure 1009(a) allows the debtor to amend the schedules as a matter of course any time before the case is closed. Fed. R. Bankr. P 1009(a) allows a party in interest to move the court for an order to amend. But Rule 1009(a) does not expressly deal with the issue of whether debtors can amend their schedules as a matter of course once the case has been reopened. The court in In re Smith, 2014 Bankr. LEXIS 5151(Bankr. D.N. M. Dec. 24, 2014) addressed the issue of whether debtors may amend their schedules in reopened cases. The court reviewed numerous cases on this issue and found that the courts had three different approaches: 1) courts prohibited amendment in reopened cases, 2) courts allowed debtors to amend their schedules as a matter of course in reopened cases, and 3) courts condition debtors' ability to amend schedules in a reopened case upon a showing of excusable neglect. In this case, the Debtor amended her schedules on October 31, 2017 as a matter of course since the case had been reopened. The Debtor amended her schedules over five years after filing the bankruptcy case because the Debtor was not aware of any issues or concerns involving the personal injury case and her bankruptcy case until October 2017. The Debtor had no memory of the personal injury claim at the time of filing the bankruptcy case on July 30, 2017, at the time of the 341 hearing on August 27, 2012, and before and after the discharge on October 29, 2012.

Although the Debtor amended her schedules as a matter of course, this Court has the discretion of deciding which approach to use. The Court may allow Ms. Palmer to amend her schedules as a matter of course or the Court may adopt the approach in In re Awan, 2017 Bankr. LEXIS 3177 (Bankr. C.D.I. Sept. 20, 2017). The court in this case followed the third approach and held that Federal Rule Bankruptcy Procedure 9006 (b)(1) governs the debtor's ability to amend schedules in reopened case. Fed. R. Bankr. P. 9006(b)(1) gives the court discretion to extend the time to permit an act to be done for cause where the failure to act was the result of excusable neglect. Under Rule 9006, the court may extend time with or without motion or notice if the request is made before the expiration of time and on motion after the time has expired. In this case, Ms. Palmer did not amend her schedules prior to the discharge and her case closing because she did not remember she had a personal injury claim and she lacked understanding of her duty to disclose the personal injury claim. Not only did Ms. Palmer have memory and awareness issues, but Ms. Palmer also did not become aware of any concerns involving her bankruptcy case and the personal injury claim until October 2017. Based on these facts, Ms. Palmer can establish good cause and excusable neglect to allow the amendment.

    **II.    Ms. Palmer should be allowed to claim the personal injury exemption regardless of whether she acted in bad faith or not.**

The Supreme Court in *Law v Siegel*, 134 S. Ct. 1188 (2014) determined that the bankruptcy courts do not have the power to deny exemptions based on a debtor's bad faith conduct or a debtor's fraudulent concealment of assets. The court in *Ellmann v Baker* (In re Baker), 2015 WL 4033098 (6th Cir. July 2, 2015) followed the ruling from *Siegel* and denied the chapter 7 trustee's objection to the debtor's amended exemptions that were made years after the case was closed. The court in *Baker* stated that *Siegel* applied in reopened cases. The court in In re Lynn,

2017 Bankr. LEXIS 3592 (W.D.K Oct. 16, 2017) followed the holding in *Baker* and allow the debtor to claim an exemption of proceeds from a personal injury lawsuit which was not disclosed in the debtor's original schedules. The *Lynn* court applied *Siegel* and reasoned that the bankruptcy court lacked authority to deny the exemption claimed in the undisclosed asset on the basis of bad faith. The facts in Ms. Palmer's case are very similar to the facts in *Lynn* and *Baker*. In this case, Ms. Palmer failed to disclose the personal injury claim in her initial schedules and amended schedules after the case was reopened. In both cases, the court overruled the trustee's objections to the exemptions and allowed the debtors to claim the exemption. Just like the courts in *Lynn* and *Baker*, this court should allow Ms. Palmer to claim the exemptions.

**CONCLUSION**

In conclusion, Ms Palmer's amendments are not untimely if the Court adopts the approach that the debtor may amend her schedules as a matter of course. The Court may also adopt the approach that the debtor may amend schedules with a showing of excusable neglect. Ms. Palmer can establish excusable neglect. Ms. Palmer did not act in bad faith. Ms. Palmer did not disclose the personal injury claim on her schedules, at the 341 hearing, and prior to the discharge because she did not remember the personal injury claim. Ms. Palmer waited over five years to amend her schedules because she was unaware of any concerns involving her personal injury case and bankruptcy case until October 2017. Ms. Palmer should be allowed to amend her schedules to claim the personal injury exemption because under *Siegel* and *Baker* the bankruptcy is prohibited from denying Ms. Palmer from claiming the exemption.

WHEREFORE, Ms. Palmer respectfully requests this Court to allow all claimed exemption.

Date: November 15, 2017         /s/____Linda J. Rawls_____
                                Linda Rawls, Attorney for Debtor
                                Legal Services of Eastern Michigan
                                436 N. Saginaw Street Ste. 101
                                Flint, Michigan 48502
                                1-800-322-4512 ext. 112
                                lrawls@lsem-mi.org
                                P72190